## OPINION OF THE JUSTICES TO THE SENATE.

Sunday and a holiday, as defined in G. L. (Ter. Ed.) c. 4, § 7, cl. 18, as amended by St. 1934, c. 283, are to be excluded in computing the five days limited in c. 1, § 1, art. 2 of the Constitution of the Commonwealth and in art. 56 of the Amendments.

On May 3, 1935, the Senate adopted the following order:

WHEREAS, A measure entitled "An Act extending the term of office of the Emergency Public Works Commission", printed as House No. 1979, having been duly enacted by both branches of the General Court, was laid before His Excellency the Governor, for his revisal under the provisions of Article II of Section I of Chapter I of Part the Second of the Constitution of the Commonwealth, on the seventeenth day of April in the current year; and

WHEREAS, The Governor, purporting to act under Article LVI of the amendments to said Constitution on April twenty-fourth of said year returned said measure to the House of Representatives, the branch wherein the same originated, with a recommendation for the adoption of a specified amendment to said measure; and

WHEREAS, The House of Representatives received His Excellency's recommendation for amendment as afore-

said and, on April twenty-fourth, the day of its receipt, referred the same to a joint committee for consideration, and thereupon transmitted the papers to the Senate for its concurrence in said reference; and

WHEREAS, The Senate has withheld such concurrence, being in doubt as to whether His Excellency the Governor was acting in compliance with the provisions of said Article LVI in returning said measure with a recommendation for its amendment, and as to whether said measure had not already become a law without the signature of His Excellency, on the ground that the period of five days allowed the Governor by the last paragraph of said Article II wherein to consider the measure had expired before His Excellency returned the same as aforesaid; therefore be it

ORDERED, That the Senate require the opinions of the Honorable the Justices of the Supreme Judicial Court on the following important questions of law: —

(1) On the facts as above stated, had the said bill become a law before the Governor returned it to the House of Representatives for amendment?

(2) In computing the period of five days allowed the Governor for consideration of a bill or resolve laid before him under said Article II, is Sunday or is a legal holiday, as defined in clause Eighteenth of section seven of chapter four of the General Laws, as most recently amended by chapter two hundred and eighty-three of the acts of nineteen hundred and thirty-four, to be excluded?

(3) Was it competent for the Governor, on the facts as above stated, to return said measure for amendment under the provisions of Article LVI of the amendments to the Constitution of the Commonwealth?

On May 6, 1935, the order was transmitted to the Justices, who, on May 20, 1935, returned the following answers:

To The Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions in an order adopted on May 3, 1935, copy of which is hereto annexed.

The essential facts recited in the order are these: A measure duly enacted by both branches of the General Court was laid before His Excellency the Governor for his revisal in accordance with c. 1, § 1, art. 2, of the Constitution on April 17, 1935. The Governor, purporting to act under art. 56 of the Amendments to the Constitution, on April 24, 1935, returned the measure to the House of Representatives, wherein the same originated, with a recommendation for the adoption of a specified amendment. On the same day the House of Representatives referred that recommendation to a joint committee for consideration and thereupon transmitted the papers to the Senate for concurrence in such reference. The matter is thus pending before the Senate.

It is provided by c. 1, § 1, art. 2 of the Constitution that "if any bill or resolve shall not be returned by the governor within five days after it shall have been presented, the same shall have the force of a law." It is provided by art. 56 of the Amendments that "The governor, within five days after any bill or resolve shall have been laid before him, shall have the right to return it to the branch of the general court in which it originated with a recommendation that any amendment or amendments specified by him be made therein. Such bill or resolve shall thereupon be before the general court and subject to amendment and re-enactment."

The measure in question was retained by His Excellency the Governor seven calendar days after it was laid before him prior to its return to the branch of the General Court in which it originated. One of those seven days was April nineteenth, which was a legal holiday, and another was April twenty-first, which was the Lord's Day.

The computation of time from a date, event or act excludes the day from which the time begins to run. Therefore April 17, 1935, the day on which the measure was laid before His Excellency the Governor is to be excluded in ascertaining the five days. *Bemis* v. *Leonard*, 118 Mass. 502. *Roman Catholic Archbishop of Boston* v. *Board of*

*Appeal of Boston,* 268 Mass. 416.   *Burnet* v. *Willingham
Loan & Trust Co.* 282 U. S. 437, 439.

The general rule is that, in computing the time within
which an act may or may not be done, if it exceeds one
week, Sunday is included; but, if it is less than one week,
Sunday is excluded. *Stevenson* v. *Donnelly,* 221 Mass. 161,
163.   It was held in *Tuttle* v. *Boston,* 215 Mass. 57, that
this rule as to exclusion of the Lord's Day governed the
reckoning of the five days within which a bill or resolve
should have the force of law if not returned within five
days after having been laid before the Governor under c. 1,
§ 1, art. 2 of the Constitution.   Any other result would be
impossible in view of the strict observance of the Lord's
Day as a sabbath of rest and worship during the colonial
and provincial periods of the Commonwealth.   It cannot
be thought that the convention in framing or the people in
accepting the Constitution intended that the Lord's Day
should be included in counting the five days specified in
that article.   This conclusion was reached although the
phrase of that article of the Constitution adopted in 1780
does not expressly except Sundays as does art. 1, § 7 of
the Constitution of the United States.   The same principle
controls as to exclusion of the Lord's Day in determining
the five days limited in art. 56 of the Amendments to the
Constitution of the Commonwealth.

There is no mention in c. 1, § 1, art. 2 of the Constitution
or in art. 56 of the Amendments of either Sundays or holidays
for the purpose of making certain the five-day period.   That
Amendment was approved and ratified by the people on
November 5, 1918.   Its words, like those of the Constitution,
are to be interpreted in their natural and obvious sense.
They are to be given the meaning normally and commonly
attributed to them at the time of their use.   They were
written to be understood by the voters.   *Attorney General*
v. *Methuen,* 236 Mass. 564, 573.   *Mount Washington* v.
*Cook,* 288 Mass. 67, 70.   The Constitution of the Common-
wealth was designed to be an enduring instrument so com-
prehensive and fundamental in its terms that a free, intel-

ligent and virtuous people may govern themselves under its beneficent provisions through vast changes in social and industrial conditions. In construing its regulations regard must be had to their spirit and purpose as well as to their letter. The great and underlying principles announced by the Constitution and its Amendments must be kept in mind as well as possible narrow interpretations of particular phrases. *Jones* v. *Robbins*, 8 Gray, 329, 340. *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 523. *Yont* v. *Secretary of the Commonwealth*, 275 Mass. 365, 366.

The brief time allowed to the chief executive of the Commonwealth with respect to the revisal of measures adopted by the legislative department of government carries some implication that the five days specified should be official days when business ordinarily would be transacted under the general law. Thus he could best investigate and deliberate on the important subject submitted to him, decide whether to approve or disapprove the bill or resolve presented to him and, if he has objections, formulate them in writing for the consideration of the General Court. The time allotted to him by the Constitution for the performance of that weighty duty cannot be abbreviated or lengthened by the legislative department of government. The words defining that time are to be given a construction in conformity to the broad purpose of the instrument in which they were used. There appear to have been no statutes establishing public holidays in this Commonwealth prior to St. 1856, c. 113. *Farnum* v. *Fowle*, 12 Mass. 89. See St. 1838, c. 182; St. 1855, c. 91. *Richardson* v. *Goddard*, 23 How. 28, 41, 43. Thus there were no legal holidays when the Constitution was adopted in 1780. The present statutory provisions make plain a legislative purpose that all public offices shall be closed on holidays. G. L. (Ter. Ed.) c. 4, § 7, cl. 18, as amended by St. 1934, c. 283 and by St. 1935, c. 26. G. L. (Ter. Ed.) c. 30, § 24. It follows that most public business throughout the Commonwealth must be suspended on holidays. See however St. 1935, c. 26, where a holiday is established for Suffolk county alone. In the main the work of the courts cannot be conducted on holidays. G. L. (Ter.

Ed.) c. 220, § 6; c. 215, § 60. Some kinds of private business and labor are forbidden on holidays. G. L. (Ter. Ed.) c. 149, §§ 45, 46, 180; c. 107, § 21. The so called Saturday or weekly half holidays are not relevant in this connection since they are not legal holidays. G. L. (Ter. Ed.) c. 34, § 16; c. 41, § 110; c. 92, § 65; c. 149, §§ 33, 41. It has been held that, so far as the performance of work connected with the courts is concerned, legal holidays under the statutes stand on the same footing as does the Lord's Day. *Marcellino, petitioner*, 271 Mass. 323. It was said in *The Pocket Veto Case*, 279 U. S. 655 at 679, in holding that the "ten days (Sundays excepted)" allowed by art. 1, § 7 of the Constitution of the United States to the President for consideration of bills passed by the Congress did not mean legislative days, that "The word 'days,' when not qualified, means in ordinary and common usage calendar days." Holidays created by statute were not under consideration in that decision. The statutes as to holidays have been enacted not with the aim of shortening the five-day period established by c. 1, § 1, art. 2 of the Constitution, but for the government and general welfare of the Commonwealth. C. 1, § 1, art. 4 of the Constitution. Holidays have been established for different purposes, such as thanksgiving and other religious observances, patriotic and commemorative anniversaries, recreation, the promotion of morality, love of country, honor of heroism, veneration for benefactors of mankind, and the common weal. All these considerations lead to the conclusion that the words "five days" as used in c. 1, § 1, art. 2 of the Constitution mean and were intended to mean five secular days on which under general law public business may be transacted. We are of opinion that, according to common understanding, the words "five days," as used in art. 56 of the Amendments, have the same meaning and do not embrace those days set apart by law as holidays for suspension of official duties and proceedings. The intention hardly can be imputed to the voters that the chief executive of the Commonwealth must labor on this branch of his duties when all other official activities of the Commonwealth are required to be omitted.

The first question is answered in the negative.

The answer to the second question is that both Sunday and a legal holiday as defined in G. L. (Ter. Ed.) c. 4, § 7, cl. 18, as amended by St. 1934, c. 283, are to be excluded in computing the five-day period described in c. 1, § 1, art. 2 of the Constitution.

The third question is answered in the affirmative.

ARTHUR P. RUGG.
JOHN C. CROSBY.
EDWARD P. PIERCE.
FRED T. FIELD.
CHARLES H. DONAHUE.
HENRY T. LUMMUS.
STANLEY E. QUA.