ALONZO A. NICKERSON *vs.* PRESIDENT AND FELLOWS OF HARVARD COLLEGE.

Suffolk.   April 9, 1937. — November 30, 1937.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Frauds, Statute of.   Time.   Contract,* Of employment.   *Words,* "Making."

An oral contract of employment for one year under which, at the employer's option, work could have commenced on the day next after its making, though in fact work did not commence until later, was not within the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fifth.

CONTRACT.   Writ in the Superior Court dated April 7, 1933.

The action was tried before *Dillon,* J., who ordered a verdict for the defendant.   The plaintiff alleged exceptions.

*M. Cook,* (*M. M. Goldman* with him,) for the plaintiff.

*W. F. Farr,* for the defendant.

LUMMUS, J.   G. L. (Ter. Ed.) c. 259, § 1, so far as material to this case, reads: "No action shall be brought: . . . Fifth, Upon an agreement that is not to be performed within one year from the making thereof; Unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized."   This is substantially the fifth clause of § 4 of the original English statute of frauds, 29 Car. II, c. 3.

The method of computing time under words like those of the statute, is firmly established in this Commonwealth. The "making" of an agreement means, for the purpose of computing time, the day on which the agreement is made. The law reckons in days, not commonly in fractions of days; and an agreement made at six o'clock in the morning stands on the same footing with one made at eleven o'clock in the evening.   The words "from the making" of the

agreement exclude the day on which it is made. The year begins with the following day, and ends at the close of the first anniversary of the day on which the agreement is made. *Bemis* v. *Leonard*, 118 Mass. 502. *Stevenson* v. *Donnelly*, 221 Mass. 161, 164. *Laine* v. *Aarnio*, 265 Mass. 374, 375. *Marcellino, petitioner*, 271 Mass. 323. *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 502, 503. *Corey* v. *National Ben Franklin Fire Ins. Co.* 284 Mass. 283, 286. *Opinion of the Justices*, 291 Mass. 572, 574. *Burnet* v. *Willingham Loan & Trust Co.* 282 U. S. 437.

The foregoing method of computing time has been applied to cases under the section of the statute of frauds in question. The result of such application is, that an agreement made on March 9 for employment for a term of one year is not within the statute if the term is to begin either on that day or the next day, March 10. Am. Law Inst. Restatement: Contracts, § 198, comment d, illustration 6. *Dykema* v. *Story & Clark Piano Co.* 220 Mich. 600, 27 Am. L. R. 660, and note. *Smith* v. *Gold Coast & Ashanti Explorers, Ltd.* [1903] 1 K. B. 285, affirmed [1903] 1 K. B. 538. Williston, Contracts (Rev. Ed.) § 502. In this Commonwealth, there appears to be no decisive authority. In *Sanborn* v. *Fireman's Ins. Co.* 16 Gray, 448, 455, the oral contract, made on April 12, 1856, was for insurance "for the term of one year from and including the 12th of April 1856," the term thus beginning on the very day of the making of the contract. All that was decided was that such a contract is not within the statute. In *Raymond* v. *Phipps*, 215 Mass. 559, 561, 562, the defendant asked a ruling that "if the contract was for one year and the year did not include the day on which it was made the plaintiff could not recover in the absence of a written memorandum." The correctness of that proposition was not determined, for this court held merely that the requested ruling had been given in substance. In *Heyer* v. *V. Barletta Co.* 295 Mass. 18, 23–24, there is indeed a statement which seems inconsistent with the method of computing time described in this opinion. But nothing turned on that statement. The plaintiff in that case sought damages for

the breach of an oral contract to employ him as superintendent for one year. The direction of a verdict for the defendant was held erroneous, for the evidence warranted a finding that the year was to begin on the very day on which the oral contract was made. Under those circumstances it was really unnecessary to consider what the rights of the parties would have been if the term of one year was not to begin until the following day.

We are of opinion that there ought to be no difference in the method of computing time between cases under this section of the statute of frauds, and cases arising in other branches of the law. In the present case there is no doubt that the agreement, whatever it was, was made on March 9, 1931; that the plaintiff actually went to work on March 16, 1931; and that he was discharged on October 9, 1931. He testified that the term of his employment was to be one year beginning with the time when he should go to work. The defendant denied any agreement for one year.

The plaintiff's description of the time when his employment was to begin was in various forms. Perhaps the most favorable to him was that he was to go to work whenever the defendant should send for him, which was to be "in a very short time, possibly a day or two." Clearly he was not to begin work on the very day on which the contract was made. But we think the defendant could have required him to begin work on the next day, March 10. Under the contract there were a number of different periods of one year, beginning on different days, that would have satisfied the contract; the election among those periods was given to the defendant; and as one of those periods was such that, if it had been chosen by the defendant, the agreement could have been performed within one year from the making thereof, the agreement is not within the statute of frauds, and no memorandum was required. *Marble* v. *Clinton, ante,* 87. *Cole* v. *Singerly,* 60 Md. 348. *Baltimore Breweries Co.* v. *Callahan,* 82 Md. 106. We think that the direction of a verdict for the defendant was error.

*Exceptions sustained.*