Merrimack,
No. 4290.

IRENE S. WARE

*v.*

CHAMPAGNE'S SUPER MARKET, INC.

Argued March 4, 1954.
Decided April 21, 1954.

*Upton, Sanders & Upton* (*Mr. Sanders* orally), for the plaintiff.

*Conrad Danais* and *Martin F. Loughlin* (*Mr. Loughlin* orally), for the defendant.

BLANDIN, J. The principal issues here are, on the first count, whether the statute of frauds (R. L., c. 383, s. 2) bars the plaintiff's action, and on the second count, whether certain evidence was erroneously admitted.

The plaintiff herself testified that she made an oral agreement for one year's employment with Romeo J. Champagne, the president of the defendant corporation "about . . . June 29, 1951." He stated in reference to the day of the making of this contact "that same afternoon after she left I met Roland Genest . . . " vice-president of the defendant corporation, and the two drove together to Hampton Beach. On the way they discussed the arrangements with the plaintiff and Champagne told Genest "we are going to start looking for another service." Genest testified unequivocally with reference to this afternoon, "I do know it was . . . Saturday . . . . " The calendar shows that Saturday was June 30th and not the 29th, and it is clear that a finding by the Court that the oral agreement was made on June 30, 1951, was warranted.

The plaintiff's duties under the contract were to prepare advertisements for the defendant Super Market and they involved planning, drawing and the arrangement of illustrations. It could be found that her work was such as to require pretty constant thought and effort without reference to special hours or days of the week. The plaintiff testified in effect that her previous year's contract with the defendant ran from July 1, 1950 through June 30, 1951, and that the new one was to cover the similar period commencing July 1, 1951, and ending June 30, 1952, and that pursuant to this second contract she began and continued her work until her services were terminated by the defendant as of January 1, 1952. The defendant's president agreed that the plaintiff did go to work for his concern originally "about July 1, 1950 . . . July 1 . . . " It is undisputed that at least until she received notice of the termination of her contract her work was satisfactory. On or about October 27, 1951, the defendant signed a contract with the Lachow Agency to take over the plaintiff's duties and notified her of this agreement and that her employment would cease on January 1, 1952. She protested and as a result the defendant's president wrote the Lachow Agency on October 31 asking them to withhold their services for the time being because "We find that our word of mouth contract with our present advertising agency binds us to continue using their services until July 1, 1952 and we feel obligated to honor this previous commitment." Notwith-

standing attempts to explain this letter, it is clear from the record that taken with other evidence, it furnished a sound basis for the finding that there was an oral contract between the parties for the employment of the plaintiff to commence on July 1, 1951, and to run for one year thereafter.

"When time is to be reckoned from a day, date, act done . . . by virtue of a contract . . . such day . . . shall not be included in the computation." R. L., c. 7, s. 34. In Restatement, Contracts, s. 198 d, it is said: "In calculating the period of a year . . . fractions of a day are disregarded in the way most favorable to the enforceability of a contract. . . . A year within which complete performance must be possible to prevent the contract from being within [the statute of frauds] ends at midnight of the anniversary of the day on which the contract is made." See also, Restatement, *supra, illustration* 6. Applying the principle of this authority, the Massachusetts Supreme Court held in *Nickerson* v. *President & Fellows of Harvard College,* 298 Mass. 484, on facts similar to ours that the agreement was not within their statute of frauds (G. L., Mass., Ter. *ed., c.* 259, *s.* 1), which in substance is identical with ours.

We believe that the Trial Court's implied finding (*York* v. *Misiak,* 95 N. H. 437) that there was an oral agreement between the parties here running from July 1, 1951 to midnight of June 30, 1952, and its ruling that the agreement was not within the statute of frauds were warranted by the evidence and in accordance with our law and the weight of modern authority. 114 A. L. R. 414, *n.* 418; 49 Am. Jur. 411.

Cases cited by the defendant as authority for a contrary view such as *McCrillis* v. *Company,* 85 N. H. 165, and *Gottlieb* v. *Gins,* 169 N. Y. S. 599, are clearly distinguishable from the situation before us and furnish no support for the defendant's position since in those cases the employment was not to begin until more than one day after the contract was made.

The defendant's exception with reference to the second count of the declaration relates to evidence of the newspaper advertising rates. The plaintiff offered a sheet of paper containing a list of these rates which she said were included in a memorandum she had given to Genest. The defendant objected on the grounds that "it [the paper] has no relation to what the evidence is at this time. I fail to see the connection here." The plaintiff did not introduce the paper but had it marked for identification only. She

then proceeded to testify without objection to the contents of this paper and to that of the memorandum. By failing to object to this oral testimony, the defendant waived its exception which was on the ground of the best evidence rule. *Wood* v. *Insurance Co.*, 89 N. H. 524, 526. This appears to dispose of all exceptions briefed or argued, and the others being deemed waived (*Bullard* v. *McCarthy*, 89 N. H. 158), the order is

*Judgment on the verdict.*

All concurred.