435 P.2d 470

**CO-OP DAIRY, INC., Appellant,**

v.

**Charles W. DEAN, Appellee.**

**No. 8641.**

Supreme Court of Arizona.

In Division.

Dec. 14, 1967.

Rehearing Denied Jan. 4, 1968.

Carl W. Divelbiss, G. David Gage, Phoenix, for appellant.

Hughes & Hughes, by Coit I. Hughes, Phoenix, for appellee.

McFARLAND, Vice Chief Justice:

Plaintiff-appellee Charles W. Dean, hereinafter referred to as Dean, sued defendant-appellant Co-Op Dairy, Inc., hereinafter referred to as Dairy, for damages for breach of an oral contract to employ Dean and to reimburse him for his moving expenses from Ardmore, Oklahoma, to Phoenix, Arizona. From a judgment on a jury verdict in Superior Court, Dairy has appealed.

The facts, stated most favorably to Dean, are as follows:

On February 12, 1962, Dairy's general manager, Gerald J. Patsey, hired Dean as sales manager at a guaranteed salary of $1,000 per month. The employment period was to be "for a minimum period of one year," and the agreement provided for the payment of Dean's moving expenses. The day after Dean was hired, he signed a one-year lease on a Phoenix apartment. He then went to Oklahoma, picked up his family, arranged to have household goods moved to Phoenix, and, on February 26,

1962, he "reported for active work." After he had worked a few days, all the delivery and supervisory personnel of Dairy resigned, and refused to return to work unless and until Patsey and Dean were fired. In order to avoid a massive loss of customers from lack of service, and a large loss of milk from spoilage, Dairy capitulated to the drivers' demands and fired the two men. For the approximately nine days that he worked, Dean was paid $1,000 "for the period ending March 8, 1962." He sued for his salary for the year, less what he was paid, and less what he earned in another job after being fired, plus his moving expenses. It was conceded that what work Dean did for Dairy was eminently satisfactory.

The jury, in addition to bringing in a general verdict for $6,000.38 for wages and $776.53 for moving expense, answered two special interrogatories by finding that there was an agreement between the parties to hire Dean for one year, and that Dairy agreed to pay Dean's moving expenses. The evidence was ample to justify the verdict and special findings.

Dairy contends that a contract of employment to start in the future, and to continue for one year, is within the Statute of Frauds, and that therefore this action cannot be maintained. As a general rule of law this is true. A.R.S. § 44–101 provides that no action shall be brought upon any oral agreement "which is not to be performed within one year from the making thereof." Diamond v. Jacquith, 14 Ariz. 119, 125 P. 712; Kraft v. Rooke (Cal.1930), 103 Cal.App. 552, 284 P. 935, 936.

Dean contends that a contract for one year's employment, to commence the day following the making of the contract, is not within the Statute of Frauds, citing Columbia Pictures Corporation v. Detoth, 87 Cal.App.2d 620, 197 P.2d 580. We agree. So does Dairy in its brief. The difficulty in the instant case is that the facts are not entirely clear, and the special interrogatories submitted to the jury contained no requirement that they find when the employment contract was to begin. We know

that the contract was made, orally, between Patsey and Dean on February 12, 1962. We know that the contract was to guarantee Dean $1,000 per month, and that it was to run for one year. But, nowhere in the record is there a scintilla of evidence from which one can determine when the contract was to start. It is undisputed that Dean reported for work February 26th, after having gone back to Oklahoma to get his family and to arrange for the transportation of his household goods. On cross-examination, Dean was asked whether there was any specific time that he was to start working, and he answered that there was not. However, he was also asked:

"When you left * * * Mr. Patsey on February 12th it was understood that you would not start work until you had moved your family out from Ardmore, Oklahoma?"

and the answer was "That is correct, sir."

We need not take this statement literally. That could mean that he did not *have* to come to work until he had moved his family. It could mean that he would not come to work until he had *arranged* to move his family. However, it does not show they agreed he *could not* commence work until he had returned to Oklahoma and personally made all the arrangements. It did not mean that he could not call his wife that night, tell her to arrange for shipping the furniture and to take a plane or bus to Phoenix, so that he could start work the next day.

The conversations between Dean and Patsey, leading up to the contract of hiring, show that Dean was somewhat timid about nailing down the term of the contract. Patsey testified that Dean inquired about a contract, and Patsey told him:

"Any man that comes in on a job like this has always got a year to prove himself. I pointed out that I had no contract with Coop Dairy. I said that I have never been too much for contracts."

Dairy argues that since Dean did not report for work until February 26, 1962, the contract was to begin on that date, and end·

one year later on February 26, 1963, which puts it into the Statute of Frauds. Dean argues that since he had to move here to start working, his leasing of an apartment on February 13, 1962, was one of the duties of his employment contract and hence the contract was to begin on the day after it was made, and so is not within the Statute of Frauds. We cannot agree with either position. Clearly, Dean's leasing of an apartment is no proof that the contract had begun to operate. At the same time, Dean's failure to report to work until February 26 does not prove that he could not have reported for work on February 13th.

The Statute of Frauds was first enacted in England in 1677, and has since been enacted in each of the United States. As a result, the cases interpreting it are legion. One principle that generally has been upheld is that the words "not to be performed within one year" mean *"impossible to be performed within one year."*

> "In its actual application, however, the courts have been perhaps even less friendly to this provision than to the other provisions of the statute. * * * In general, the cases indicate that there must not be the *slightest possibility* that it can be fully performed within one year. It makes no difference how long the agreed performance may be delayed or over how long a period it may in fact be continued. It makes no difference how long the parties expect performance to take, or how reasonable and accurate those expectations are, if the agreed performance can *possibly* be completed within one year." [Italics ours.] 2 Corbin on Contracts 534

See also: Warner v. Texas & P. R. Co., 164 U.S. 418, 41 L.Ed. 495, 17 S.Ct. 147; Winslow v. Mell, 48 Wash.2d 581, 295 P.2d 319; Nickerson v. President and Fellows of Harvard College, 298 Mass. 484, 11 N.E.2d 444, 114 A.L.R. 414.

In Boutwell v. Lewis Brothers Lumber Co., 27 Tenn.App. 460, 182 S.W.2d 1 (cert. denied by Supreme Court), the plaintiff was given the exclusive right to haul for the defendant for one year, commencing when he had moved into defendant's house. Defendant pleaded the Statute of Frauds. The court said:

> "* * * He could have moved the day the contract was made or the following day so that the contract was not incapable of performance within the year."

We are inclined to agree with the court in Farmer v. Arabian American Oil Company, 277 F.2d 46, 85 A.L.R.2d 1321 (cert. denied, 364 U.S. 824, 81 S.Ct. 60, 5 L.Ed.2d 53) in which it said that the Statute of Frauds, applied to an employment contract, "is an anachronism in modern life and we are not disposed to expand its destructive force." We therefore hold that there was nothing to prevent Dean from turning over the moving details to his wife and going to work the next day. Had he done so, the Statute of Frauds would not be applicable. Though he did not do so, the mere fact that he could have done so takes the contract out of the Statute of Frauds.

Judgment affirmed.

STRUCKMEYER and UDALL, JJ., concur.