538 P.2d 389

**EDWARD GREENBAND ENTERPRISES OF ARIZONA, an Arizona Corporation, Appellant and Cross-Appellee,**

**v.**

**Eugene M. PEPPER and Marilyn Pepper, his wife, Appellees and Cross-Appellants.**

**No. 11691.**

Supreme Court of Arizona, In Division.

July 15, 1975.

Cunningham, Goodson & Tiffany by James P. Cunningham, Phoenix, for appellant and cross-appellee.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Jeffrey B. Smith, Phoenix, for appellees and cross-appellants.

STRUCKMEYER, Vice Chief Justice.

This is an appeal by Edward Greenband Enterprises, an Arizona corporation, from a $15,000.00 jury's verdict and judgment thereon for breach of an employment contract. Appellees Eugene M. Pepper and his wife, Marilyn Pepper, have cross-appealed. Reversed with directions.

Appellees brought this suit in a two-count complaint, alleging both the breach of an employment contract and fraud in its inducement. Prior to trial, appellant, without success, sought to compel an election of remedies between the breach and the fraud. The trial judge, before submitting the case to the jury, directed a verdict dismissing the count of fraud and instructed the jury only on the question of breach of contract. The jury returned a verdict in favor of appellees. Appellant asserts numerous grounds as the basis of its appeal. Appellees have cross-appealed, claiming error in the direction of the verdict on the count of fraud.

Appellant's first complaint is that the court should have compelled an election of remedies before trial as between the counts of fraud and breach of contract. It is urged that the two counts were manifestly from the beginning inconsistent because had both counts been submitted to the jury and favorable verdicts returned on both, the plaintiffs would have obtained a double recovery. Appellee argues on his cross-appeal that there were two separate wrongs, for each of which he should be allowed to recover.

In considering the parties' respective positions, we first note that in Jennings v. Lee, 105 Ariz. 167, 461 P.2d 161 (1969), the principle was established that a party who had been defrauded must either rescind the contract or affirm it and if the party affirms it, he must sue for damages for its breach. We have also held that an action for fraud is lost if the injured party, after acquiring knowledge of the fraud, manifests to the other party an intention to affirm the contract. Mackey

v. Philzona Petroleum Co., 93 Ariz. 87, 378 P.2d 906 (1963).

The Rules of Civil Procedure, however, specifically sanction an inconsistent pleading. Rule 8(f)(2), 16 A.R.S., provides:

"A party may * * * state as many separate claims or defenses as he has regardless of consistency * * *."

This rule was taken from the Federal Rules of Civil Procedure of the same number:

"Alternative or hypothetical pleading by its very nature is inconsistent. This, however, is not a valid objection to it * * *. The inconsistency may lie either in the statement of the facts or in the legal theories adopted, and the party will not be required to elect upon which legal theory he will proceed, since this would defeat the whole purpose of allowing inconsistent pleading." Moore's Federal Practice, Volume 2A, § 8.32, at 1888–1890.

In Sligh v. Watson, 69 Ariz. 373, 214 P.2d 123 (1950), overruled on other grounds in Diamond v. Chiate, 81 Ariz. 86, 300 P.2d 583 (1956), we discussed the policy behind the rule, saying it was:

" * * * to allow the pleading party to take advantage of any possible development in the evidence which would show him to be entitled to recovery and thus prevent his being forced to elect in advance and at his peril which theory he will proceed upon." 69 Ariz. at 377, 214 P.2d at 125.

Appellant argues that all the facts were known to appellee before trial and the only purpose he had in presenting inconsistent claims was that of prejudicing appellant with the jury. If we assume this was a deliberate trial tactic on the part of the appellee as is argued, we are still of the view that a person cannot be forced to elect in advance at his peril upon what theory or remedy he will proceed until the conclusion of the trial. But as in this case, where at the conclusion of the trial, the appellee, having failed to elect which

claim was to be submitted to the jury, the trial court could consider by his continued insistence on damages for breach of contract that he manifested an intention to affirm. We find merit neither in appellant's position nor in appellees' on their cross-appeal.

Appellant next questions the action of the trial court in failing to direct the verdict in its favor due to appellees' failure to comply with A.R.S. § 44–101. A.R.S. § 44–101 provides:

> "No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, * * * is in writing and signed by the party to be charged, * * * :
>
>     *     *     *     *     *     *
>
> 5. Upon an agreement which is not to be performed within one year from the making thereof."

Since the employment contract was oral, it is appellant's position that the statute of frauds was not satisfied because the employment contract was of unlimited duration.

In Waugh v. Lennard, 69 Ariz. 214, 226, 211 P.2d 806, 813–814, we held: "The possibility of performance within one year is sufficient to take such an oral agreement out of the operation of the statute of frauds." And in Co-op Dairy, Inc. v. Dean, 102 Ariz. 573, 435 P.2d 470 (1968), we approved the statement in 2 Corbin on Contracts, p. 534, that there must not be the slightest possibility that the contract can be fully performed within one year in order that it be barred by the statute of frauds.

While appellant testified that the employment was to be forever, both parties agreed that they planned to meet in one year and to re-evaluate the contract both as to its duties and its benefits. From this, the jury could infer that the contract was for a year's duration. We think, therefore, that the trial court properly left to the jury as a question of fact whether the contract of employment was for an indefinite term or for the period of a year.

Appellant complains of the refusal of the trial court to give its requested instructions Nos. 4 and 7.

While appellant excepted to the failure to give its requested instruction No. 4, it did not specify to the trial court why the instruction should have been given. Rule 51(a) of the Rules of Civil Procedure, 16 A.R.S., provides that no party may assign as error the failure to give an instruction unless he objects thereto, stating distinctly the grounds of his objection. The purpose of this rule is to fully advise the trial court of the basis of a litigant's position so that it may not be led into involuntary error, Tucson v. Koerber, 82 Ariz. 347, 313 P.2d 411 (1957). In the light of the failure of appellant to advise the trial court of the reasons for its objections to the failure to give the requested instruction, we think the court's instructions advising the jury as to what constituted a material breach of the employment contract was adequate.

Appellant finally complains of the refusal of the court to give its requested instruction No. 7, that the measure of damages for the breach of an employment contract for a fixed term is the amount the employee would have received less any amount earned from the employer and any amounts which might have been received from other employment or business endeavor following the discharge to the termination of the employment contract.

Appellee argues that appellant's instruction No. 6 covered the refused instruction. Appellant's instruction No. 6 as modified by the court instructed the jury that an employee who is wrongfully discharged has the duty to mitigate his damages by exercising reasonable diligence to reduce his damages as much as he reasonably can. We do not think that the requested instruction No. 6 is the equivalent of an instruction telling the jury what the

proper measure of damages was for the breach of an employment contract.

As long ago as Southwest Cotton Company v. Ryan, 22 Ariz. 520, 199 P. 124 (1921), we held:

"After deciding that the defendant was liable, the jury had next to say to what extent, and in determining this there are certain 'principles of law' by which it should have been guided, and without its being informed what they are we have no way of knowing whether the verdict was arrived at by their application or not, and certainly we are not justified in presuming that the jury correctly performed this function of the court. The charge should have told the jury how to measure the damages, what elements entered into the question, for there is no other way by which it could have known this and without such knowledge it was as though a 'roving commission' had been issued to it to establish its own standard of damages instead of following those fixed by the law itself. A consideration of the elements of damage having no rightful place in its deliberations may have guided the jury, at least in part, in reaching its verdict, * * *." 22 Ariz. at 538–539, 199 P. at 130.

Since it is clear that the court erroneously refused the appellant's requested instruction No. 7, it will be necessary to reverse the judgment. However, because the jury has resolved the question of liability, we believe it is appropriate that this cause be remanded only to redetermine the amount of damages. Coyner Crop Dusters v. Marsh, 90 Ariz. 157, 367 P.2d 208 (1961), reh., 91 Ariz. 371, 372 P.2d 708 (1962); Atchison, etc. R.R. v. Gutierrez, 30 Ariz. 491, 249 P. 66 (1926).

Reversed with directions that appellant be granted a new trial on the question of damages only.

CAMERON, C. J., and HOLOHAN, J., concur.