710 P.2d 1087

Richard L. BAHMAN and Susan D. Bahman, husband and wife; Ernest M. DeGuilio and Thea A. DeGuilio, husband and wife; Norman Dixon and Elizabeth Ann Dixon, husband and wife; Marvin G. Grove and Hazel J. Grove, husband and wife; Peter A. Hansen and Margaret D. Hansen, husband and wife; William J. Henerfauth and Juanita E. Henerfauth, husband and wife; Marjorie E. Liberty, a single woman; Bruce E. Mattausch, a single man; Kenneth L. McCormick and C. Colleen McCormick, husband and wife; Leonard Peterson and Jean T. Peterson, husband and wife; Selmer Schow and Barbara A. Schow, husband and wife; Richard G. Triemert and Lorraine M. Triemert, husband and wife; John W. Vander Laan and Mae A. Vander Laan, husband and wife; Richard Wheeler and Doris Wheeler, husband and wife; James R. Wilson and Jean M. Wilson, husband and wife; and Wilbur D. Wright, a single man, Plaintiffs/Appellees,

v.

ESTES HOMES, an Arizona general partnership, Defendant/Appellant.

No. 2 CA–CIV 5358.

Court of Appeals of Arizona, Division 2, Department A.

Nov. 14, 1985.

---

Dennis A. Rosen, Ltd. by Dennis A. Rosen, Terry W. Aron, P.C. by Terry W. Aron, Tucson, for plaintiffs/appellees.

Slutes, Sakrison, Grant & Pelander, P.C. by Philip H. Grant, Tucson, for defendant/appellant.

## OPINION

BIRDSALL, Presiding Judge.

This is an appeal from a judgment of the trial court, sitting with a jury, finding liability against a residential developer and in favor of 16 plaintiffs in accordance with 16 verdicts by the jury.

Briefly, the appellees claimed that their property was damaged by the appellant's wrongful conduct in changing the natural flow of surface waters in a subdivision which the appellants had developed, known as Casas Adobes Park West.

The appellant contends the trial court erred in (1) instructing the jury on a strict liability theory; (2) allowing the appellee to go beyond the scope of permissible rebuttal; and (3) refusing to grant a new trial based upon the appellant's assertion that the jury verdict was a result of passion or prejudice and was not based upon the evidence. We affirm.

## JURY INSTRUCTIONS

█ In determining on appeal the correctness of jury instructions, the appellate court is limited to the grounds raised in objection thereto. When the objection to an instruction in the trial court is on a different basis from that urged on appeal, the reviewing court will not reverse for other error in such an instruction. *Traveler's Indemnity Co. v. Hudson*, 15 Ariz. App. 371, 488 P.2d 1008 (1971); Rule 51(a), Rules of Civil Procedure, 16 A.R.S. An obvious reason for the rule is to enable the trial court to properly instruct the jury and to fully advise the trial court of the litigant's position so that the court will not be led into involuntary error. *Edward Greenbrand Enterprises of Arizona v. Pepper*, 112 Ariz. 115, 538 P.2d 389 (1975); *Milam v. Milam*, 101 Ariz. 323, 419 P.2d 502 (1966). The ground urged here by the appellant was not the objection made in the trial court.

The instructions given which are relevant to our disposition of this issue were:

"[I]f you find that the defendant was not negligent or that the defendant's negligence did not cause the plaintiff injuries, your verdict must be for the defendant. If you find that the defendant was negligent and that its negligence caused plaintiffs injuries, then your verdict must be for the plaintiff.

The plaintiffs claim that the defendant was negligent. Negligence is the failure to use reasonable care. Negligence may consist of action or inaction. A person is negligent if he fails to act as an ordinarily careful person would act under the circumstances.

Before you can find the defendant liable, you must find that the defendant's negligence caused the plaintiffs' injuries. Negligence causes an injury if it helps produce the injury if the injury would not have happened without the negligence. You are instructed that a landowner may not divert natural waters of a stream in any manner which causes the natural waters, when combined with flood waters, to cause damage to his neighbors' property. A landowner has no right to collect surface runoff water from it's subdivision in an artificial channel and cause it to erode or flow to a neighboring homeowners' lands. This liability may exist even if the landowner diverted the water and so in full compliance or at the request of governmental agencies. (Emphasis added.)

The appellant's objection is to the emphasized portion of the instruction. The only objection made to that instruction in the trial court, as shown by the record, was that it implied that compliance with county standards should, in effect, be discounted by the jury. However, in its motion for new trial in the superior court and in this appeal, the appellant contends that giving the instruction was reversible error because it is an instruction on strict liability. That theory of recovery, strict liability, was directed out of the case prior to the settling of instructions. The appellant's present objection to the instruction was first made in the motion for new trial. The appellees did not then raise the question of the lack of a proper objection prior to instructing the jury. However, they do raise it on appeal. In its reply brief and in oral argument, the appellant contends that the record on appeal does not adequately reflect the objection made at the time of settling instructions. The appellant attempts to support this explanation in three ways. First, it points to the procedure apparently utilized by the trial court whereby the instructions were actually "settled" off the record, i.e., before the judge but with no reporter, after which counsel made their "record" with the reporter but not necessarily in the presence of the judge. Thus a proper objection may have been made but may not have been stated again "on the record." Second, he contends that if a proper objection had not been made the omission would have been raised in the opposition to the new trial motion. Third, it argues that since strict liability was directed out of the case, counsel would obviously have objected to the instruction for that reason.

■ We are not persuaded that we should depart from well established law and reverse the judgments on such reasoning. To do so would invalidate jury verdicts in favor of 16 appellees in the total amount of $856,750, returned after a six-day trial. Even assuming, arguendo, that there was proper objection to the instruction, we do not find reversible error. There is no contention that there was no evidentiary support for the instruction. It is surely a correct statement of the law. That "a landowner may not divert the natural waters of a stream in such a manner that these waters, combined with flood waters, cause damage to his neighbor" is found in *Gillespie Land & Irrigation Company v. Gonzales*, 93 Ariz. 152, 165, 379 P.2d 135, 145 (1963). See also *Diedrich v. Farnsworth*, 3 Ariz.App. 264, 413 P.2d 774 (1966). That a landowner has no right to collect surface runoff water from its subdivision in an artificial channel and cause it to erode or flow to a neighboring homeowner's lands is established by *Maricopa County Municipal Water Conservation District No. 1 v. Warford*, 69 Ariz. 1, 206 P.2d 1168 (1949). And that liability may exist even if in full compliance or at the request of governmental agencies was held in *Campbell Estates, Inc. v. Bates*, 21 Ariz.App. 162, 517 P.2d 515 (1974).

The instructions did not say that the appellant was liable regardless of fault. Rather, the instructions taken as a whole told the jury that if the appellant was not negligent, its verdict must be for the appellant and, twice, that before the appellant could be liable, its negligence must have caused the damage.

### REBUTTAL TESTIMONY

■ The trial court has discretion in the admission of rebuttal testimony with which we will not interfere absent a showing of manifest abuse or prejudice. See *Fleiger v. Reeb*, 120 Ariz. 31, 583 P.2d 1351 (App. 1978); and see *Deyoe v. Clark Equipment Co.*, 134 Ariz. 281, 655 P.2d 1333 (App. 1982). Here, there was neither manifest abuse nor prejudice.

### EXCESSIVE VERDICTS

The appellant contends that the verdict resulted from passion and prejudice because during deliberations the jury asked the court if it could award punitive damages even though punitive damages had been taken out of the case and because:

"This court may recall that the political elections of Fall, 1984, were proceeding towards a conclusion and a predominant political issue concerned the actions of developers. One juror on the panel freely expressed her views. The results of the 1984 election have generally been accepted as a set back towards developers' interests in Pima County. Coupled with this is the fact that this trial took place on the first anniversary of the massive flooding of October, 1983. The record in this case is replete with descriptions of the 100-year flood occurring in October, 1983."

■ The record clearly belies any contention that the verdict was a result of passion and prejudice. The verdicts were not outrageous or beyond the evidence adduced by the plaintiffs in the trial court. The verdicts were within the range of the testimony.

We do not agree with the appellees that this appeal was frivolous and therefore deny their request for attorney fees.

Affirmed.

LACAGNINA and FERNANDEZ, JJ., concur.