Toomey, J.
In this employment termination case, Elaine Sherman (“plaintiff’) filed a complaint against Digital Equipment Corporation (“Digital” or “defendant”) alleging, in Count I, breach of contract, in Count II; wrongful termination, and, in Count III, negligent infliction of emotional distress. Defendant filed a motion for summary judgment. Plaintiff filed an opposition as to Counts I and II and agreed voluntarily to dismiss Count III. After hearing counsel for the parties and based on the parties’ written submissions, defendant’s motion for summary judgment on Counts I and II is ALLOWED.
BACKGROUND
Plaintiff, Elaine Sherman, was an employee of defendant, Digital Equipment Corporation, for thirteen years. The last position she held was as the Office Services Manager in Digital’s OGO facility in Stow, Massachusetts.
In 1988, Digital started reorganizing, downsizing, and merging its various divisions. In accordance with those plans, it started the Transition Financial Support Option (“TFSO”). The TFSO allowed certain employees to resign voluntarily in return for a limited benefits package including a lump sum settlement, continuation of the employee’s current health insurance for one year, and other benefits not relevant here. Plaintiffs supervisor indicated to her that she would be eligible for the TFSO offer. Based on that understanding of eligibility, plaintiff and her supervisor negotiated, on March 22, 1990, a final work date for plaintiff of April 6, 1990. Plaintiff departed for a previously scheduled vacation on March 26, 1990 and returned on March 30, 1990. When plaintiff returned from vacation, she was told that the TFSO offer would not be made available to her. She resumed her employment. Subsequently, her department was terminated and all five employees she had previously supervised were transferred. On March 20, 1991, plaintiff left defendant’s employ.
*595 DISCUSSION
A.Summary Judgment Standard
Summaiy judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14,17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summaiy judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
B.Statute of Frauds
Defendant asserts that any alleged oral contract between plaintiff and defendant (through plaintiffs supervisor) is rendered unenforceable by the statute of frauds because the contract was not capable of performance within a year. Plaintiff asserts that the oral contract is capable of performance within a year, is in compliance with the statute of frauds, and is thus enforceable.
The statute of frauds, General Laws c. 259, §1, provides that
no action shall be brought: . . . [flifth, [u]pon an agreement that is not to be performed within one year from the making thereof; [u]nless the promise, contract, or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized.
The question presented at bar is whether or not the oral contract was performable within one year and, more particularly, whether the trigger for computing the period was the date of contract or the date of commencement of benefits. In Nickerson v. President andFellows of Harvard College, 298 Mass. 484 (1937), the Court held that the statutoiy year under c. 259, §1 begins on the day after the contract is made and “ends at the close of the first anniversary of the day on which the agreement is made." Nickerson, supra, at 485 (emphasis added). Applying that rule to the case at bar, it is clear that the instant contract was not performable within one year.
The agreement between plaintiff and her supervisor regarding plaintiffs voluntary resignation was made on March 22, 1990. According to the Nickerson rule, the statutory year began on March 23,1990 and ended March 22, 1991. In order for the oral agreement to be enforceable, therefore, its requirements must have been susceptible of complete performance on or before March 22, 1991.
The agreement, however, contemplated the provision of medical benefits from April 6, 1990 to April 6, 1991. The contract originated on March 22, 1990, but would not be wholly performed until April 6,1991, just slightly longer than one year. Because the agreement was thus not capable of performance within one year and there is no evidence of any writing, memorandum, or note thereof as required by G.L.c. 259, §1, the alleged oral agreement is unenforceable as violative of the statute of frauds. Defendant’s motion for summaiy judgment as to Count I is ALLOWED.
C.Wrongful Termination
Defendant asserts that plaintiff has no claim for wrongful termination because she was not terminated, but, in fact, had resigned. Furthermore, defendant argues that even if she was terminated, she has failed to make the showing — of a violation of public policy or of lost future compensation for past services — required to prevail upon a complaint alleging an unlawful termination of an at-will employment. Plaintiff responds that she has come forward with sufficient evidence to meet all the elements of a claim of wrongful termination.
Plaintiff was an at-will employee. In general, an at-will employee may be discharged for any reason, or for no reason at all. Wright v. Shriners Hospital, 412 Mass. 469, 472 (1992). Plaintiffs wrongful termination claim is based on allegations implicating exceptions to that general rule, namely, defendant’s breach of the covenant of good faith and fair dealing implied in every employment contract, Fortune v. National Cash Register Co., 373 Mass. 96, 104-06 (1977), and/or defendant’s violation of a public policy. Wright, supra, at 472.
In order to succeed on her wrongful termination claim and assuming for purposes of this motion that plaintiff was in fact discharged,[1] she must make a showing of a loss of future compensation for past services, some financial benefit gained by Digital because of her discharge, or some violation of public policy. Phillips v. Youth Development Program, Inc., 390 Mass. 652, 657 (1983). Plaintiff has failed to demonstrate the existence of a genuine issue of material fact with respect to any of those requirements. Plaintiff admits in her deposition that she is not making a claim for lost future compensation for past services. See, Deposition of Elaine Sherman, p. 120. Moreover, there is no evidence, and plaintiff does not claim, that Digital has obtained some financial benefit because plaintiff was discharged.
Plaintiffs claim under the public policy exception also fails. The public policy exception, to the general rule permitting at-will terminations, has been narrowly construed to include only those terminations in which the employee is discharged for (1) doing some *596 thing which the law requires, (2) refusing to do something which the law forbids, (3) asserting a legally guaranteed right, (4) fulfilling a duty to assure the employer’s compliance with laws involving public safety, (5) performing an important public deed which the legislature has clearly expressed a policy of encouraging, or (6) “blowing the whistle” on an employer’s unlawful conduct. Wright, supra, at 472-73; Flesner v. Technical Communications Corp., 410 Mass. 805, 810-12 (1991); Smith-Pfeffer v. Superintendent of The Walter E. Fernald State School, 404 Mass. 145, 149-50 (1989); Mello v. Stop & Shop, 402 Mass. 555, 557-58 & n.6 (1988). Because plaintiff has not suggested that any of the above-listed termination rationales occasioned her discharge, she has failed to sustain her burden of demonstrating a genuine issue of material fact, which, if resolved at trial in her favor, would entitle her to judgment. Therefore, defendant’s motion for summary judgment as to Count II is also ALLOWED.
ORDER
Based on the foregoing, defendant’s motion for summary judgment is ALLOWED.

The parties dispute whether plaintiff resigned or was constructively discharged. Because this court decides the motion for summary judgment on other grounds, this dispute is rendered immaterial and the court will assume, in the light most favorable to plaintiff, that plaintiff was constructively discharged.