ANNA COREY *vs.* NATIONAL BEN FRANKLIN FIRE INSUR-
ANCE COMPANY.

Worcester.    September 25, 1933. — October 25, 1933.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Insurance*, Fire: cancellation by notice.    *Time.    Notice.*

Under a provision of a policy of fire insurance in the Massachusetts standard form insuring certain property for a term beginning at noon on a certain day, that it might be cancelled and that the company reserved "the right, after giving written notice to the insured, and to any mortgagee to whom this policy is made payable, and tendering to the insured a ratable proportion of the premium, to cancel this policy as to all risks subsequent to the expiration of ten

days from such notice," such a cancellation notice received by the insured before noon on August 6 was effective to cancel the policy before a loss by fire which occurred at 10 P.M. on August 16.

CONTRACT.   Writ in the Central District Court of Worcester dated September 16, 1932.

In the District Court, the action was heard by *Hartwell,* J., upon an agreed statement of facts.   Material facts and rulings given and refused by the judge are stated in the opinion.   There was a finding for the plaintiff in the sum of $125 and interest, and the action was reported to the Appellate Division for the Western District.   The report was ordered dismissed.   The defendant appealed.

*R. S. Smith,* for the defendant.

*H. Zarrow,* for the plaintiff.

PIERCE, J.   This is an action of contract on a policy of fire insurance issued by the defendant to the plaintiff.   The defendant contends that the policy was cancelled prior to the date of the alleged fire for which the plaintiff seeks to recover damages.   At the trial in the District Court the case was submitted upon the following agreed statement of facts: "It is agreed by the parties hereto that the following is a true and accurate statement of all the facts to be considered in the determination of the issues involved in the above entitled action.   The defendant issued a policy of fire insurance to the plaintiff covering stock and fixtures of confectionery and lunch at 82 Wall Street, Worcester, Massachusetts, to the extent of $200.   Said policy is annexed hereto, marked Exhibit 'A,' and made a part hereof.   On August 5, 1932, the defendant mailed, by registered letter a cancellation notice to the plaintiff.   Said notice is hereto annexed, marked Exhibit 'B,' and made a part hereof.   The cancellation notice was received by the plaintiff on August 6, 1932, sometime before noon.   On August 16, 1932, about 10 P.M., a fire damaged the property mentioned in said policy.   The plaintiff, in compliance with the terms and conditions in said policy, made a claim upon the defendant.   The defendant denied any and all liability under the policy.   The amount of damage to the property is in the sum of $125."

The policy referred to as Exhibit "A" in the above agreed

statement of facts was a Massachusetts standard form policy and contains the following provision with reference to cancellation: "This policy may be cancelled . . . . The Company also reserves the right, after giving written notice to the insured, and to any mortgagee to whom this policy is made payable, and tendering to the insured a ratable proportion of the premium, to cancel this policy as to all risks subsequent to the expiration of ten days from such notice, and no mortgagee shall then have the right to recover as to such risks." The cancellation notice annexed to the agreed statement of facts and marked Exhibit "B" was in proper form and complied with the provision of the policy with reference to cancellation. It is to be noted that the quoted provision of the policy in reference to cancellation is identical in form with the statutory provision relating to the subject of cancellation of fire insurance policies. G. L. (Ter. Ed.) c. 175, § 99. It is to be further noted that G. L. (Ter. Ed.) c. 175, § 99, provides and requires that the Massachusetts standard policy shall contain the provision that "Said property is insured for the term of —— beginning on the —— day of ——, in the year nineteen hundred and ——, at noon."

At the close of the trial and before the final arguments the defendant made the following requests for rulings: (1) "When service is to be made or notice given the day of the service or notice is to be included in the computation of time"; (2) "The plaintiff, in fact, received the notice of cancellation on August 6, 1932, sometime before noon, and the court must count August 6, 1932, as one day in computing the time"; (3) "Upon the agreed statement of facts the court must rule that the policy declared upon in the plaintiff's declaration, was cancelled prior to the time of the fire"; and (4) "Upon the agreed statement of facts the court must find for the defendant, for the reasons that the policy was cancelled and all liability under said policy had ceased to exist at the time of the fire." The trial judge refused the defendant's request for rulings and at the request of the plaintiff made the following rulings: (1) "On the day the fire occurred the insurance policy issued by the defendant on

the property owned by the plaintiff was in full force and effect"; (2) "A notice of cancellation does not become effective until it is received, and where it is mailed time is to be computed from the time of receipt"; (3) "In computing the time set forth in the notice, to wit, ten (10) days the general rule excluding the first day shall be followed"; (4) "In computing the days, the court must follow the rule that a legal day begins and ends at midnight"; and (5) "Therefore the cancellation of the policy was not effective until 12:00 P.M. on August 16, 1932, some time after the fire." The judge found for the plaintiff in the sum of $125 with interest from September 16, 1932. The defendant claimed to be aggrieved by the findings of the judge and by the rulings and refusals to rule as requested, and the judge reported the case to the Appellate Division for determination. The Appellate Division, after a hearing, ordered the clerk to make the following entry: "No prejudicial error found. Report dismissed." From this order the defendant appealed to the Supreme Judicial Court.

The sole question for determination is whether at the time of the fire there had been an expiration of the ten days from the notice of the cancellation. "The general current of the modern authorities on the interpretation of contracts, and also of statutes, where time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period *from* or *after* a day named, is to exclude the day thus designated, and to include the last day of the specified period." *Sheets* v. *Selden's Lessee*, 2 Wall. 177, 190. *Laine* v. *Aarnio*, 265 Mass. 374. *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495. In the computation of time it is the general rule that the law knows no fraction of a day. Substantial justice, however, may require the court to ascertain the exact time an act is done or to be done, or it may be ascertained when the contract of the parties or statute involved imports clearly that it should be determined. *Taylor* v. *Brown*, 147 U. S. 640. When service is to be made or notice given the day of the notice or service is to be included in the computation of time. *Loza* v. *Osmola*, 279 Mass. 220, 222, and cases cited. *Ar-*

*nold* v. *United States,* 9 Cranch, 104.   The rule of inclusion
of the day of notice is particularly applicable where, as in
the case at bar, the notice of cancellation was received
by the assured before noon of August 6, 1932, and conse-
quently before the dawn of the insurance day as determined
by the policy of insurance.   It is obvious that ten full in-
surance days had elapsed subsequently to the service of
the notice of cancellation before noon on August 6, 1932,
at the time of the fire at about 10 P.M. on August 16,
1932.   The requests of the defendant for rulings should
have been granted.   It results that the order "Report dis-
missed" was error, and that judgment must be entered for
the defendant.

*So ordered.*