RUDOLPH BEAVER *vs.* RAYTHEON MANUFACTURING COMPANY.

Middlesex.     November 5, 1936. — January 31, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Frauds, Statute of.   Time.   Contract,* Of employment.   *Evidence,* Presumptions and burden of proof.

After a defendant in an action of contract has pleaded the statute of frauds, the plaintiff has the burden of proving a sufficient memorandum or a contract not within the statute.

The statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fifth, barred an action for salary alleged to be due under an oral contract for employment of the plaintiff for a year, where the evidence would not warrant a finding that the employment was to begin earlier than several days after the agreement was made.

CONTRACT.   Writ in the Superior Court dated December 1, 1930.

A verdict for the plaintiff in the sum of $3,891.13 was recorded with leave reserved by *Collins*, J., who thereafter ordered entered a verdict for the defendant and reported the case to this court for determination.

*A. V. A. Thomason,* (*C. S. Hartwell* with him,) for the plaintiff.

*E. C. Thayer,* for the defendant.

DONAHUE, J.   The plaintiff seeks to recover wages alleged to be due him under an oral contract of employment.   The defendant's answer among other things pleaded the statute of frauds.   A jury returned a verdict for the plaintiff. Under leave reserved the trial judge entered a verdict for the defendant and reported the case on a stipulation which

contained a provision that if the verdict was rightly entered judgment is to be entered for the defendant.

The parties agree that the plaintiff was employed by the treasurer, a duly authorized officer of the defendant corporation; that the plaintiff was in the employ of the defendant from January 2, 1929, to July 18, 1929; that he was paid by the defendant at the rate of $6,000 a year from January 2, 1929, to August 18, 1929; and that he was discharged on July 18, 1929.

The only witnesses testifying at the trial were the plaintiff and the defendant's treasurer. The latter testified in effect that the defendant employed the plaintiff not for a year but on a month-to-month basis.

According to the testimony of the plaintiff, after several prior interviews the treasurer of the defendant on December 13, 1928, made the following offer: "If I would go to work for them they will pay me for the year $6,000 a year, as much as . . . [their superintendent] got, and when . . . [he] got an increase during the year that they will pay me at the rate of $7,200 per year for the balance of the year, and that in a year we would get together again." The plaintiff took the offer under consideration and on December 17 told the treasurer that he would accept the proposition. No definite date was set for the plaintiff to go to work. The treasurer said they wanted the plaintiff to go to work as soon as possible.

The plaintiff was, at the time the agreement was made, in the employ of another corporation at a salary of $5,000 a year and so told the treasurer. That corporation paid the plaintiff for services rendered it for the period between December 17, 1928, and the end of the year. The defendant made no payment to him for services during that period. The plaintiff went to work for the defendant on January 2, 1929.

As the statute of frauds was pleaded by the defendant the burden was on the plaintiff either to prove a memorandum sufficient to satisfy the statute or to prove a contract to which the statute did not apply. *Kalker* v. *Bailen,* 290 Mass. 202, 205. *Weiner* v. *Slovin,* 270 Mass. 392, 394.

There was no memorandum of the oral agreement. The plaintiff in order to recover was therefore obliged to prove an agreement that was to be performed within one year from the making thereof. G. L. (Ter. Ed.) c. 259, § 1, Fifth.

The agreement was made on December 17, 1928, when the plaintiff accepted the offer of the defendant. The agreement would not be within the statute if by its terms the employment of the plaintiff was to begin on December 17 or on the following day. *Heyer* v. *V. Barletta Co.* 295 Mass. 18. *Nickerson* v. *President & Fellows of Harvard College*, 298 Mass. 484. If, however, the employment was to begin later than December 18 the agreement would be within the statute, since it would be impossible to perform "within one year" from the time of its making a contract for one year's employment if the term of the employment began later than December 18.

The evidence as to what was said by the plaintiff and by the defendant's treasurer when the oral contract was made appears in the testimony of the plaintiff which has been hereinbefore recited. No definite date was set for the beginning of the one-year term of the plaintiff's employment. We do not think it a reasonable inference from the evidence that the parties intended that the term of employment should begin as early as December 18. The defendant desired to have the plaintiff go to work as soon as possible, but there is nothing indicating an understanding that the plaintiff should begin work when the defendant sent for him or that the choice of the day when the plaintiff should begin his one-year term of employment was left to the defendant. Compare *Nickerson* v. *President & Fellows of Harvard College*, 298 Mass. 484. The plaintiff was in the employ of another on a yearly salary. He received payment for services under it up to January 1, 1929. We think it a reasonable inference that the parties understood that the obligations of the plaintiff under his earlier contract, rather than the desire of the defendant, fixed the beginning of the term of his new employment. The evidence did not warrant a finding that an agreement was made which was not within the statute of frauds.

Since we are obliged to hold that the agreement shown by the evidence was one which could not be performed within a year from the time when it was made, it is unnecessary to consider other contentions of the defendant. A verdict for the defendant was rightly entered and in accordance with the stipulation on which the case was reported, judgment is to be entered for the defendant.

*So ordered.*