BRUNO BOGASH *vs.* STUDIOS, INC.

Suffolk.   April 5, 1939. — May 23, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Frauds, Statute of.   Time.   Contract,* Of employment.   *Evidence,* Presumptions and burden of proof.

After the defendant in an action of contract has pleaded the statute of frauds, the plaintiff has the burden of proving a sufficient memorandum or a contract not within the statute.

A finding that an oral contract of employment "for one year only" was one "to be performed within one year from the making thereof" within the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fifth, would not have been warranted by evidence that it was made on a Saturday for employment "to begin" the following Monday; the intervening Sunday was not to be excluded in the computation of the statutory year.

CONTRACT.   Writ in the Superior Court dated October 31, 1935.

The action was tried before *Walsh,* J.

*M. M. Isen,* (*L. I. Shapiro* with him,) for the plaintiff.

*C. W. Spencer,* for the defendant.

FIELD, C.J.   This action of contract to recover damages for breach of an oral contract of employment was tried to a jury.   To the direction of a verdict for the defendant the plaintiff excepted.

There was no error.

The defendant pleaded the statute of frauds, that the contract as set forth in the plaintiff's declaration "was an agreement which was not to be performed within one year from the making thereof, and said contract was not in writing, and no memorandum or note thereof was made in writing and signed by the party to be charged therewith or by some person thereto by it lawfully authorized, such as is required by G. L. c. 259."   Where, as here, the statute of frauds is pleaded, the burden of proving compliance therewith or of proving a contract to which the statute

did not apply rests upon the plaintiff. *Beaver* v. *Raytheon Manuf. Co.* 299 Mass. 218, 219. The evidence did not warrant a finding that this burden was sustained.

There is no evidence — nor is it contended — that the agreement relied on was in writing or that there was any memorandum or note thereof in writing. See G. L. [Ter. Ed.] c. 259, § 1, Fifth. According to the plaintiff's uncontradicted testimony the agreement was "oral."

According to this testimony, as set out in the bill of exceptions, "on Saturday, June 22, 1935 . . . he [the plaintiff] entered into an oral contract of employment for one year only, at $40.00 per week, to begin Monday, June 24, 1935." There is no evidence tending to show any contract made after Saturday, June 22, 1935. Since there was no conflicting evidence as to the terms of the contract, the construction of those terms, though oral and not written, was for the court. *Globe Works* v. *Wright*, 106 Mass. 207, 216. *Freeman* v. *Hedrington*, 204 Mass. 238, 240.

We interpret the terms of the contract testified to as meaning that the employment of the plaintiff was to be for one year beginning with and including Monday, June 24, 1935, and not for one year from the day (Saturday, June 22, 1935) on which, according to the testimony, the contract was entered into. This year of employment, therefore, would not end until the close of Tuesday, June 23, 1936, and the agreement for such employment could not be fully performed until the close of that day. On the other hand, in the computation of "one year from the making" of the agreement (June 22, 1935), within the meaning of the statute of frauds, the day on which it was made would be excluded and the year would end "at the close of the first anniversary of the day on which the agreement is made," that is, at the close of Monday, June 22, 1936. *Nickerson* v. *President & Fellows of Harvard College*, 298 Mass. 484, 485. *Beaver* v. *Raytheon Manuf. Co.* 299 Mass. 218, 220. It is urged, however, by the plaintiff that since the next day after the making of the agreement was Sunday, that day also should be excluded in computing the period of "one year from the making thereof."

We think that there is no sound reason for the exclusion of that Sunday. The agreement did not require the performance of any act on that day, and, consequently, no violation of the Lord's Day statute. See G. L. (Ter. Ed.) c. 136. That Sunday is of importance only as it affects the computation of time, and, ordinarily, in computing time, if the period exceeds one week, Sunday is included. *Cunningham* v. *Mahan,* 112 Mass. 58, 59. *Stevenson* v. *Donnelly,* 221 Mass. 161, 163. *Opinion of the Justices,* 291 Mass. 572, 575. Moreover, in *Nickerson* v. *President & Fellows of Harvard College,* 298 Mass. 484, 486, it was said to be the opinion of the court with respect to the section of the statute of frauds now under consideration, that "there ought to be no difference in the method of computing time between cases under this section of the statute of frauds, and cases arising in other branches of the law." This principle is applicable to the present case. See *Britain* v. *Rossiter,* 11 Q. B. D. 123, 125; 2 Williston, Contracts (Rev. ed.), § 502. It is unnecessary to consider the effect of a Sunday occurring at the end of a year.

It follows that it could not have been found on the evidence that the defendant entered into a contract with the plaintiff that was "to be performed within one year from the making thereof," within the meaning of the statute of frauds, or that the terms of that statute were complied with.

*Exceptions overruled.*