BOSTON PENNY SAVINGS BANK *vs.* ASSESSORS OF BOSTON
(and a companion case between the same parties).

Suffolk.    October 7, 1943. — October 8, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Taxation,* Real estate tax: abatement. *Time. Words,* "Month."

The term "month," as used in G. L. (Ter. Ed.) c. 59, § 64, as appearing in St. 1938, c. 478, § 1, means a calendar month.

Under G. L. (Ter. Ed.) c. 59, § 64, as appearing in St. 1938, c. 478, § 1, an application for the abatement of a tax on real estate, filed with assessors on a November 6, was deemed to have been refused by them at the close of the day, March 6, following if the assessors had failed to act thereon before that time.

An appeal to the Appellate Tax Board on a June 5 from nonaction by assessors whereby, under G. L. (Ter. Ed.) c. 59, § 64, as appearing in St. 1938, c. 478, § 1, an application for abatement of a tax on real estate became deemed refused at the close of the day, the previous March 6, was not taken within the ninety days specified in § 65, as appearing in St. 1939, c. 31, § 7, and was properly dismissed; March 7 was to be counted as a part of the ninety days.

APPEALS from decisions by the Appellate Tax Board.

The cases were submitted on briefs.

*S. Maylor,* for the taxpayer.

*J. W. Kelleher,* Assistant Corporation Counsel, for the assessors.

FIELD, C.J.    These are two appeals by the Boston Penny Savings Bank, herein referred to as the taxpayer, respectively from two decisions of the Appellate Tax Board dismissing appeals from the refusal of the assessors of the city of Boston to abate local property taxes upon real estate upon applications therefor by the taxpayer. Each of these appeals was dismissed rightly since it was not taken seasonably. See *Boston Five Cents Savings Bank* v. *Assessors of*

*Boston,* 311 Mass. 415. Each application for abatement was made to the assessors on November 6, 1939. The taxpayer in each case appealed to the Appellate Tax Board on June 5, 1940. The assessors failed to act upon these applications for abatement. Under G. L. (Ter. Ed.) c. 59, § 64, as appearing in St. 1938, c. 478, § 1, when the assessors fail to act upon an application for abatement "prior to the expiration of four months from the date of filing of such application it shall then be deemed to be refused." This period of four months expired at the close of the day March 6, 1940. The term "month" means calendar month. G. L. (Ter. Ed.) c. 4, § 7, Nineteenth. The day "from" which the period is computed — November 6, 1939 — is excluded. *Bemis* v. *Leonard,* 118 Mass. 502, 505–506. *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 502–503. March 6, 1940, however, is included, but March 7, 1940, is not. See *Gardner* v. *Nute,* 2 Cush. 333, 334. *Nickerson* v. *President & Fellows of Harvard College,* 298 Mass. 484–485. *Bogash* v. *Studios, Inc.* 303 Mass. 207, 208. *Boston Five Cents Savings Bank* v. *Assessors of Boston,* 313 Mass. 762, 763–764. If March 7, 1940, were to be included, as the taxpayer contends, the period would be more than four months. It would include the seventh day of each of five months and the intervening days. At the close of the day March 6, 1940, each application was "deemed to be refused." The taxpayer had the right to appeal "within ninety days after the time when the application" was "deemed to be refused." G. L. (Ter. Ed.) c. 59, § 65, as appearing in St. 1939, c. 31, § 7. It could have appealed on March 7, 1940, which was "after the time when the application" was "deemed to be refused" and "within" the ninety days' period. This is in accordance with the principle that the ninety days' period excludes the day "after" which this period is to be reckoned, that is, March 6, 1940. *Bigelow* v. *Willson,* 1 Pick. 485, 495. *Bemis* v. *Leonard,* 118 Mass. 502, 509. *Corey* v. *National Ben Franklin Fire Ins. Co.* 284 Mass. 283, 286. Ninety days "after" March 6, 1940, included twenty-five days in March, thirty days in April, thirty-one days in May and four days in June, and

the ninety days' period expired at the close of the day June 4, 1940. The last day of the ninety days' period is to be included in the computation. *Corey* v. *National Ben Franklin Fire Ins. Co.* 284 Mass. 283, 286. If June 5, 1940, were to be included in the time for appeal, the taxpayer would have had more than ninety days in which to appeal, contrary to the clear meaning of the statute. There is nothing in the nature or purpose of the statute to take it out of the ordinary principles governing computation of time. The appeals taken on June 5, 1940, were not taken within the statutory period.

*Appeals to Appellate Tax Board dismissed.*