William J. McMORROW, Plaintiff,

v.

RODMAN FORD SALES, INC., Defendant.

Civ. A. No. 78-0025-C.

United States District Court, D. Massachusetts.

Jan. 4, 1979.

Richard H. Sadowski, Boston, Mass., for plaintiff.

Robert F. Murphy, Pinta & Murphy, Boston, Mass., for defendant.

## OPINION

CAFFREY, Chief Judge.

This is a civil action in which plaintiff, a resident of the State of Rhode Island, seeks money damages and equitable relief against defendant, a Massachusetts corporation with its principal place of business in Massachusetts. Jurisdiction of this Court is based on 28 U.S.C.A. § 1331(a)(1). After a non-jury trial, I find and rule as follows:

Plaintiff William J. McMorrow is a resident of Rhode Island who has been engaged in the business of selling heavy trucks, particularly tractor-trailer equipment, during the period from 1970 to date. In late spring, 1977, plaintiff was contacted by a representative of defendant, a Ford automotive dealership, and negotiations began between plaintiff, Donald Rodman, President of defendant, and one Manny Rubenstein, General Manager of defendant.

I find that Donald Rodman desired to extend the business of defendant Rodman Ford Sales, Inc., into the heavy truck field. I further find that in the late spring of 1977 when negotiations between the parties began neither Rodman, Rubenstein nor any other employee of defendant was knowledgeable or experienced in selling heavy tractor-trailer equipment. I find that contrariwise plaintiff was knowledgeable and experienced in selling heavy-duty trucks with a gross vehicle weight in excess of 26,000 pounds. It is likewise clear on the record that Rodman was desirous of acquiring a person with plaintiff's experience to become manager of a heavy truck sales department or division of Rodman Ford Sales, Inc.

Plaintiff met several times with either Donald Rodman, Manny Rubenstein, or both, for the purpose of providing defendant with his resume, discussing his knowledge of the heavy truck field, and discussing terms of possible employment of plaintiff by Rodman Ford Sales, Inc. I find that ultimately at a meeting held in early July of 1977 plaintiff and Rodman Ford Sales, Inc., entered into an oral contract executed on behalf of Rodman Ford Sales, Inc., by its president Donald Rodman. I find that this contract called for plaintiff to become employed by defendant as manager of a heavy truck sales department for a period of one year, and I further find that defendant agreed that plaintiff's compensation for the one-year period would be a salary of $600 a week, plus the use of an automobile and medical insurance coverage. It was further made a part of the oral contract that at the end of six months Donald Rodman would submit to plaintiff an alternative way of compensating plaintiff during the second six-month period, and it was reserved to plaintiff to decide at that time whether to continue on the weekly salary of $600 a week or accept a different mode of compensation.

Plaintiff was the only witness at the trial, and, at the conclusion of his testimony, he and defendant rested, whereupon defendant moved for a dismissal of the case on the basis of the statute of frauds. Post-trial briefs were filed by the parties. Defendant relied on decisions of the Supreme Judicial Court of Massachusetts concerning the statute of frauds, and plaintiff relied on the doctrine of promissory estoppel. On the record before me, I find and rule that the contract between the parties was executed in Massachusetts and was to be performed primarily in Massachusetts and that, accordingly, the law of Massachusetts is the appropriate law for use in determining the rights of the parties herein. I further rule that the contract provided that plaintiff would begin his work for defendant on August 1, 1977 in order to allow him to avail himself of some leave time coming to him under the terms of his then employment with E. J. Bleiler Equipment Co., Inc. Ac-

cordingly, I rule that the contract could not be performed within a year and, that enforcement thereof is barred by the statute of frauds. *See Bogash v. Studios, Inc.*, 303 Mass. 207, 21 N.E.2d 235 (1939); *Beaver v. Raytheon Manuf. Co.*, 299 Mass. 218, 12 N.E.2d 807 (1938).

I further rule that this is not an appropriate case for applying the doctrine of promissory estoppel since plaintiff has not sustained his burden of proving that at the time the oral promises were made to him defendant had an intention not to perform same. *Cellucci v. Sun Oil Co. of Penn.*, 368 Mass. 811, 331 N.E.2d 813 (1975). I likewise rule that plaintiff has failed to establish by a preponderance of the evidence the allegations contained in his count for deceit, particularly the allegation in paragraph No. 21 of Count 2 of plaintiff's complaint.

Accordingly, I rule that plaintiff's action for breach of contract under Count 1 is barred by the statute of frauds and that plaintiff has not sustained his burden of proof as to the allegations in Count 2, the count for deceit, and, finally, that plaintiff has neither alleged nor proved facts on the basis of which he is entitled to prevail on the doctrine of promissory estoppel.

Order accordingly.