

Decided December 22, 1987

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH TRIAL COURT

ANTONIO ATALIG,    )    CIVIL ACTION NO. 86-905(R)
    )
    Plaintiff,  )
    )
  vs.    )    ORDER GRANTING SUMMARY
    )    JUDGMENT
M.I.C. CORPORATION, dba)
ROTA PAU PAU HOTEL,  )
    )
    Defendant.  )
_____)

This matter was heard December 18, 1987, on defendant's motion for summary judgment. It argued that there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law.

Summary judgment may be entered where there is no disputed issue of material fact and a party so moving is entitled to judgment as a matter of law. Rule 56, Com. R. Civ. P.

The court finds the following facts based on the pleadings on file in this case. The plaintiff is a resident of Rota; the defendant is a local corporation, operating a hotel business on Rota. Defendant's fiscal year runs from April 1st to March 31st.

On April 1, 1981, the parties entered into an oral year-to-year contract whereby plaintiff would supply "barbecue"

272

lunches to defendant's hotel guests during sightseeing tours conducted by the defendant. Pursuant to their agreement defendant agreed to pay plaintiff $5.00 per person served.

On April 1, 1983 plaintiff requested that the price per lunch be raised from $5.00 to $6.00 per person and defendant agreed.

Sometime in 1984 plaintiff told defendant, through an agent, that another hotel on Rota, the Coconut Village, had asked plaintiff to supply barbecue lunches. Defendant told plaintiff that the Pau Pau Hotel did not want plaintiff doing business with the Coconut Village.

In April of 1985 plaintiff approached defendant, through its agent, and requested another increase in the price per meal served. Defendant, through its agent, stated that the price for lunches could not be changed since the fiscal year for defendant's business had already started. However, defendant stated that an increase for the next year was possible.

In February of 1986 defendant advised plaintiff that the price per meal would not be increased as this price was tied to the price of a sightseeing tour package which was not going to be increased.

On April 1, 1986 plaintiff's contract was not renewed and defendant entered into a new agreement with a different vendor for the supply of barbecue lunches.

Plaintiff's opposition to defendant's motion for summary judgment does not dispute these facts.

273

## PLAINTIFF'S FIRST CAUSE OF ACTION

In his first cause of action plaintiff contends that defendant intentionally and fraudulently induced plaintiff to provide lunches at a reduced cost with the promise of a contract for 1986 at an increased price. Since defendant did not renew plaintiff's contract for 1986 plaintiff allegedly lost the opportunity for profits that he would have made during 1985 and 1986.

In order for defendant's representations to be fraudulent, a trier of fact would necessarily have to find the following elements:

1. Defendant made the representation;

2. The representation was made concerning past or existing facts;

3. The representation was communicated to plaintiff;

4. The past or existing facts referred to in (2) above were material to the transaction and susceptible of knowledge on the part of the defendant;

5. The representation was false at the time it was made;

6. The representation was made with the intent to induce plaintiff to do or refrain from doing some act;

7. The representation was relied upon by plaintiff in that plaintiff believed it to be true and was induced to act or refrain from acting thereby and plaintiff would not have acted upon or refrained from acting in the absence of such representation;

**274**

8. Plaintiff suffered damage or injury as a result.

See _Karp v. Cooley_ (D.C. TX, 1972) 349 F.Supp. 827, 837.

Plaintiff here alleges that defendant told plaintiff in 1985 that if plaintiff would wait until April of 1986, defendant would agree to plaintiff's request to increase the price of the lunches provided.

Plaintiff's claims fail to state a cause of action for fraud for several reasons. First of all, the representations made by defendant concerned things that were to happen in the future, not present or existing facts. Secondly, the representations made by defendant were not intended to induce plaintiff to do anything; plaintiff was already obligated to furnish lunches and was not asked to do anything new. Finally, plaintiff suffered no damages as a result of the representation since plaintiff was already committed to furnish lunches to defendant until March 31, 1986.

In his opposition to defendant's motion for summary judgment plaintiff states that his first cause of action "does not sound only in tort but is based on the contratual concept known as detrimental reliance or promissory estoppel". Thus, plaintiff appears to contend that this first cause of action is both a tort and a contract claim.

In this case plaintiff and defendant agreed in April of 1985 to come to an agreement later in April of 1986. Clearly this is an agreement to reach an agreement at some future time and is thus not enforceable. _Western Airlines, Inc. v. Lathrop Co._ (Alaska, 1972) 499 P2d 1013, 1019; _Griffin v. Griffin_ (Colo, 1985) 699 P2d 407, 409.

However, even if this April 1985 agreement can be construed to be a contract for services from April 1986 until March 1987 it still is invalid for want of any writing.

2 CMC §4914 states that "[t]he following contracts are invalid unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent:

(a) An agreement that by its terms is not to be performed within a year of the making thereof..."

Likewise Restatement, Contracts 2d, §130(1) provides that:

"[w]here any promise in a contract cannot be fully performed within a year from the time the contract is made, all promises in the contract are within the Statute of Frauds until one party to the contract completes his performance."

Thus, it does not matter that plaintiff would have started the new contract within a year, the key point is that he could not have completed it within a year of the agreement. Since this agreement was oral and could not be completed within one year it is invalid pursuant to the Statute of Frauds. Similar cases have so held.

Oral employment agreement which was not performable in one year was within statute of frauds and unenforceable. Mercer v. CA Roberts Co. (5th Cir., 1978) 570 F2d 1232, 1236. Enforcement of oral employment contract which called for a period of one year and which was to begin in the future was barred by the statute of frauds. McMorrow v. Rodman Ford Sales, Inc. (D.C. Mass., 1979)

462 F.Supp. 947, 948. Oral contract of employment which is incapable of performance within one year are within the statute of frauds. Lewis v. Finetex, Inc. (D.C. S.C., 1977) 488 F.Supp. 12, 13. Personal employment contracts are subject to statute voiding oral agreement not to be performed within one year. Genesco, Inc. v. Joint Council (2nd Cir., 1965) 341 F2d 482, 486.

In McMorrow v. Rodman Ford Sales, Inc, supra, plaintiff and defendant orally agreed in July of 1977 that plaintiff would begin work for defendant on August 1, 1977 for a one year period. The court found that the contract could not be performed within a one year period and that enforcement was barred by the statute of frauds.

In this case, since plaintiff's oral employment contract could not be completed within one year of its making it is unenforceable based on the statute of frauds.

Plaintiff contends that defendant's promise of a new contract induced action or performance on plaintiff's part and this promise is enforceable notwithstanding the statute of frauds. In making this claim plaintiff relies on Restatement, Contracts 2d, §139 which provides as follows:

Enforcement by Virtue of Action in Reliance:

(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce the action or forbearance is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise. The remedy granted for breach is to be limited as justice requires.

(2) In determining whether injustice can be avoided only by enforcement of the promise, the following circumstances are significant:

(a) the availability and adequacy of other remedies, particularly cancellation and restitution;

(b) the definite and substantial character of the action or forbearance in relation to the remedy sought;

(c) the extent to which the action or forbearance corroborates evidence of the making and terms of the promise, or the making and terms are otherwise established by clear and convincing evidence;

(d) the reasonableness of the action or forbearance;

(e) the extent to which the action or forbearance was foreseeable by the promisor.

In the present case, the court is at a loss to find any action or forebearance on plaintiff's part. In April, 1985 when the promise was made, plaintiff was already obligated to provide lunches to defendant until March 31, 1986. Clearly this promise did not induce plaintiff to begin providing anything new. Further there is no "injustice" here as plaintiff did not lose anything by performing on a contract he was already bound to perform.

## PLAINTIFF'S SECOND CAUSE OF ACTION

Plaintiff's second cause of action alleges that defendant unreasonably restrained plaintiff's right to trade by instructing plaintiff not to provide services to defendant's competition. Plaintiff contends that defendant used its superior capital and market position to intimidate plaintiff and prevent him from contracting with others.

Restatement, Contracts 2d, §186 (2) states that:

278

"[a] promise is in restraint of trade if its performance would limit competition in any business or restrict the promisor in the exercise of a gainful occupation."

Comment a to §186 notes that "[e]very promise that relates to business dealings or to a professional or other gainful occupation operates as a restraint in the sense that it restricts the promisor's future activity... Account is taken of such factors as the protection that it affords for the promisee's legitimate interests, the hardship that it imposes on the promisor, and the likely injury to the public."

In examining the above-cited factors the court notes, first of all, that defendant did have a legitimate interest in having plaintiff do business exclusively with the defendant. Clearly, plaintiff's lunches are unique and defendant would want him to work exclusively for defendant in order to attract business. If customers want to eat plaintiff's lunches they have to go to defendant's hotel. If plaintiff could work for defendant's competition, defendant would not derive any significant benefit from plaintiff's services.

Secondly, the court must determine what hardships were imposed on plaintiff. Plaintiff claims that he should be able to work for anyone he wants. In fact, plaintiff could do this but if he wanted to work for defendant's competition he could not work for defendant also. This is not a situation in which all of the hotels on Rota conspired and agreed not to hire plaintiff. That would be restraint of trade. Here defendant was only

seeking an exclusive relationship. If plaintiff wanted to work for another hotel after the expiration of his contract he was free to do so. Since plaintiff was able to freely pursue his livelihood the court finds no hardship here.

Finally the public was in no way injured by this arrangement. If the public enjoyed plaintiff's lunches, they would go to defendant's hotel. Thus, defendant's exclusive arrangement with plaintiff did not preclude public enjoyment of plaintiff's lunches.

Plaintiff contends that for purposes of a summary judgment motion it is inconsequential whether or not defendant actually did restrain trade, the question is whether defendant intended to restrain trade.

However, in Ralph C. Wilson Industries v. Chronicle Broadcast. (9th Cir., 1986) 794 F2d 1359, a case which granted a summary judgment, the court stated that before determining whether challenged practices are a restraint of trade, the plaintiff must show that the defendant's practices injured or decreased competition. Id. at 1363.

In this case, plaintiff alleges only that he suffered some "detriment" by virtue of defendant's actions. Plaintiff does not allege that defendant intended or actually did injure competition on Rota by seeking to maintain an exclusive arrangement with plaintiff. Plaintiff does not contend that he was unable to work, that defendant and others sought to fix prices paid for lunches, or that the market place for lunches in any way suffered

**280**

due to defendant's actions. Thus, plaintiff has failed to state a cause of action upon which relief can be granted.

For the foregoing reasons defendant's motion for summary judgment is hereby granted.

Dated at Saipan, CM, this 22nd day of December, 1987.

Jose S. Dela Cruz, Associate Judge