TAMERLANE CORP. & others[1] *vs.* WARWICK INSURANCE
COMPANY.

Barnstable. January 6, 1992. - April 21, 1992.

Present: ABRAMS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Insurance*, Multiperil policy, Cancellation. *Time. Notice*, Cancellation of
insurance. *Practice, Civil*, Retroactivity of judicial holding.

An action to enforce a commercial casualty insurance policy was governed
by the decision in *Corey* v. *National Ben Franklin Fire Ins. Co.*, 284
Mass. 283 (1933), that the day an insured receives notice of cancella-
tion is counted in determining the date an insurance policy is cancelled;
consequently, the policy at issue was not in effect when a fire damaged
the insured premises. [487-489]

Discussion of factors bearing on the question whether a decision of this
court announcing a new rule of law should be given retroactive effect.
[489-491]

From the date of this opinion, the day notice is received shall not be
counted in determining the date on which cancellation of an insurance
policy becomes effective. [491]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 23, 1990.

The case was heard by *John M. Xifaras*, J., on a motion
for summary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

*Evan T. Lawson* for the plaintiffs.

*Robert J. Kaler* for the defendant.

ABRAMS, J. At issue is whether, in an insurance cancella-
tion case, the day notice is received is counted in determining

---

[1]Duane A. Steele and Mary-Jo Avellar. Steele is the president of
Tamerlane Corp., and Avellar is his wife. Tamerlane Corp. owned and
operated the insured inn.

the date that the policy is cancelled. The plaintiffs brought an action against Warwick Insurance Company (Warwick) to enforce a "multi-peril," commercial casualty insurance policy (policy) issued by Warwick. In their complaint, the plaintiffs assert that the policy was in effect when a fire damaged the insured premises. They claim that Warwick wrongfully failed to reimburse them for their loss and defend them in litigation arising out of the fire. The plaintiffs sought damages under G. L. c. 93A (1990 ed.), for Warwick's wrongful disclaimer of coverage.

A Superior Court judge allowed Warwick's motion for summary judgment on the ground that the policy was not in effect at the time of the fire. The plaintiffs appealed. We granted the plaintiffs' application for direct appellate review. We affirm.

*Facts.* Warwick issued the policy to the plaintiffs on May 6, 1989. The policy covered The Red Inn, a hotel in Provincetown. On September 8, 1989, Warwick sent the plaintiffs a notice of cancellation for nonpayment of premiums. The notice provided that cancellation would be effective on "the expiration of 20 days from the receipt of" the cancellation notice.[2] The plaintiffs received the cancellation notice on September 12, 1989.

At approximately 2:30 A.M. on October 2, 1989, a fire damaged the insured premises. The plaintiffs demanded that Warwick honor their proof of loss and defend a lawsuit brought by two persons who had been patrons of the inn at the time of the fire.[3] Warwick denied coverage on the ground that the policy had terminated at 12:01 A.M. that day.

*Discussion.* The Superior Court judge correctly ruled that this case is governed by our decision in *Corey* v. *National Ben Franklin Fire Ins. Co.*, 284 Mass. 283 (1933). In *Corey*, we held that, "[w]hen service is to be made or notice given[,] the day of the notice or service is to be included in the com-

---

[2]The policy required only ten days' notice to the insured for cancellation.

[3]The plaintiffs' proof of loss amounted to $54,221. Their claim against the policy was for $53,221, reflecting the policy's $1,000 deductible.

putation of time." *Id.* at 286. The *Corey* rule is an exception to the general rule of exclusion. See *Bouvier* v. *Craftsman Ins. Co.*, 300 Mass. 5, 8 (1938). See also Mass. R. Civ. P. 6 (a), 365 Mass. 747 (1974) ("In computing any period of time prescribed or allowed by these rules, . . . the day of the act, event, or default after which the designated period of time begins to run shall not be included").

The plaintiffs assert that the general rule of exclusion of the day notice is received governs this case. We do not agree. The plaintiffs argue that *Corey* is factually different from this case. None of the factual distinctions between the two cases, however, suggests a different outcome. As the plaintiffs point out, a provision of a statute in effect in 1933, since changed, provided that the "insurance day" ran from noon one day until noon the next. See *Corey* v. *National Ben Franklin Fire Ins. Co.*, *supra* at 285, citing G. L. (Ter. Ed.) c. 175, § 99, Ninth (now amended, St. 1980, c. 104). Although the court in *Corey* noted this anomaly, it did not ground its result thereon.[4]

Similarly, the plaintiffs note that the *Corey* court said, by way of dictum, that "[s]ubstantial justice . . . may require the court to ascertain the exact time an act is done or to be done . . . ." *Id.* at 286, citing *Taylor* v. *Brown*, 147 U.S. 640 (1893). The court in *Corey*, however, noted that such circumstances are exceptions to "the general rule that the law knows no fraction of a day." *Corey* v. *National Ben Franklin Fire Ins. Co.*, *supra* at 286. We noted that a determination

---

[4]The plaintiffs argue that the court in *Corey* actually excluded the day of notice. Because the notice of cancellation in *Corey* was received before noon on August 6, 1932, and the fire occurred after noon on August 16, 1932, the court noted "that ten full insurance days had elapsed subsequently to the service of the notice of cancellation." *Corey* v. *National Ben Franklin Fire Ins. Co.*, 284 Mass. 283, 287 (1933). As a preface to this analysis, however, the court explained that "[t]he rule of inclusion of the day of notice is *particularly* applicable where, as in the case at bar, the notice of cancellation was received by the [in]sured . . . before the dawn of the insurance day . . ." (emphasis added). *Id.* The *Corey* court's language suggests that it would have applied the rule of inclusion even had the notice of cancellation been received after noon.

of the precise time an act is done is only necessary "when the contract of the parties or statute involved imports clearly that it should be determined." *Id.* We determined the precise time of day at which the insured received the cancellation notice because, given the special noon-to-noon "insurance day," such a determination made the case stronger for application of the rule of inclusion. It was not, however, necessary to the holding.

The plaintiffs further contend that, even if *Corey* controls the present case, the rule in *Corey* should be discarded.[5] We agree. We conclude, however, that any change in the method of computing time in insurance cancellation cases should only apply prospectively. The rule of inclusion announced in *Corey* is an unjustifiable deviation from the general rule of exclusion. Moreover, it is contrary to common sense.[6] Significantly, Warwick offers no rationale, beyond stare decisis, for the rule of inclusion.

Although we agree that *Corey* v. *National Ben Franklin Fire Ins. Co., supra,* should be overruled, we do not agree with the plaintiffs that our decision should be given retroactive effect. "Decisional law is generally applied 'retroactively' to past events." *Schrottman* v. *Barnicle,* 386 Mass. 627, 631 (1982), quoting *Tucker* v. *Badoian,* 376 Mass. 907, 919 (1978) (Kaplan, J., concurring). *Harrison* v. *Massachusetts*

---

[5]Warwick maintains, and the plaintiffs do not dispute, that they did not urge the Superior Court judge to overrule *Corey* v. *National Ben Franklin Fire Ins. Co., supra.* Warwick urges us to deem the issue waived. See *Commonwealth* v. *Doe,* 405 Mass. 676, 681 n.4 (1989), citing *Royal Indem. Co.* v. *Blakely,* 372 Mass. 86, 88 (1977). We address the issue nonetheless, as it was fully briefed, *Royal-Globe Ins. Co.* v. *Craven,* 411 Mass. 629, 636 (1992), and "in view of the public interest involved." *Wellesley College* v. *Attorney Gen.,* 313 Mass. 722, 731 (1943).

[6]An example illustrates the point. If a twenty-day period begins on September 12 and ends on October 1, then a hypothetical five-day period begins on September 12 and ends on September 16, and a hypothetical two-day period begins on September 12 and ends on September 13. Following this logic, a one-day period before cancellation would be effective on the day notice was received. It is to avoid this result that the law generally excludes the day on which an event occurs in counting time from or after the event.

*Soc'y of Professors/Faculty Staff Union/MTA/NEA*, 405 Mass. 56, 62-63 n.7 (1989). We have also recognized, however, that "it is sometimes necessary to depart from the general rule of retroactivity, in order to protect the reasonable expectations of parties." *Schrottman* v. *Barnicle, supra*, and cases cited. This is precisely such a case.

To determine whether a case warrants an exception to the general rule of retroactivity, we look at three factors: "the extent to. which the decision creates a novel and unforeshadowed rule; . . . the benefits of retroactive application in furthering the purpose of the new rule; and . . . the hardship or inequity likely to follow from retroactive application." *Schrottman* v. *Barnicle, supra* at 631-632, citing *McIntyre* v. *Associates Fin. Servs. Co. of Mass.*, 367 Mass. 708, 712 (1975). We conclude that our decision to overrule *Corey* v. *National Ben Franklin Fire Ins. Co., supra*, applies prospectively only.

Application of the first *Schrottman-McIntyre* factor to the present case strongly counsels for prospective application. No development in the law since *Corey* has foreshadowed the rejection of its special rule of inclusion.[7] The plaintiffs note that *Corey* has been cited only four times since it was decided, and never for the proposition on which Warwick relies. The plaintiffs direct the court's attention, however, to no case in which the rule of inclusion set forth in *Corey* has been challenged. That we have not cited *Corey*, therefore, is not a foreshadowing of its demise.

Applying our decision retroactively would cause considerable "hardship [and] inequity." *Schrottman* v. *Barnicle, supra* at 631.[8] Insurers are entitled to rely on existing law in man-

---

[7]The plaintiffs argue that our decision in *Bouvier* v. *Craftsman Ins. Co.*, 300 Mass. 5, 8-9 (1938), cast doubt on the validity of the noon-to-noon "insurance day" as elucidated in *Corey*. As we have explained, however, the concept of the "insurance day" was not essential to our holding in *Corey*. Criticism of the "insurance day" cannot therefore be said to have foreshadowed the rejection of the *Corey* rule, including the date notice is received in insurance cancellation cases.

[8]The second *Schrottman-McIntyre* factor is not of import to this case. Our primary purpose in overruling *Corey* is to bring the computation of

aging policies and claims. Policyholders likewise can be charged with such knowledge. A contract of insurance contemplates risks according to the law at the time of its making. Absent an important reason to do so, we do not "disturb retroactively the contractual arrangements of the insurer and the insured." *Johnson Controls, Inc.* v. *Bowes*, 381 Mass. 278, 283 (1980), citing *Diaz* v. *Eli Lilly & Co.*, 364 Mass. 153, 167 (1973).

The plaintiffs' final argument is that, because the effective date of cancellation fell on a Sunday (October 1, 1989), the provisions of G. L. c. 4, § 9 (1990 ed.), extended the policy to the following Monday (October 2, 1989). This argument was first raised in this court, and we therefore do not consider it. See *Commonwealth* v. *Doe*, 405 Mass. 676, 681 n.4 (1989), citing *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977). See also *Milton* v. *Civil Serv. Comm'n*, 365 Mass. 368, 379 (1974); *Donahue* v. *Dal, Inc.*, 314 Mass. 460, 463 (1943).

From the date of this opinion, the day notice is received shall not be counted in determining the date on which cancellation of an insurance policy becomes effective.

*Judgment affirmed.*

---

time in insurance cancellation cases in line with time computation in most other contexts. Also, a rule of exclusion of the day of notice comports more fully with common sense. See note 6, *supra.* These purposes neither compel nor preclude retroactive application.