Toomey, J.
Plaintiffs Mary E. Hurley (“Mrs. Hurley”) and John F. Hurley (“Mr. Hurley”) commenced the instant action against Berkshire Design Group (“Berkshire”), Caprera Construction Co., Inc. (“Caprera”), and the City of Worcester (“Worcester”). In Count I of the complaint, the plaintiffs aver that Mary F. Hurley suffered injuries as a result of a dangerous or defective condition which Worcester willfully, wantonly or recklessly caused or permitted to exist.
After Worcester moved for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c), this court (Toomey, J.), determined, on December 22, 1993, that Worcester was entitled to immunity from suit for its willful, wanton or reckless conduct under the Sec. 10(c) exclusion of the Massachusetts Torts Claims Act, G.L.c. 258. On January 4,1994, however, theAppeals Court announced that the Sec. 10(c) immunity applied to intentional, but not to wanton, willful or reckless, conduct. Forbush v. City of Lynn, 35 Mass.App. 696 (1994).
Subsequently, the Hurleys moved for a reconsideration of the court’s December 22, 1993, decision. For the reasons set forth below, the court reconsiders Worcester’s motion for judgment on the pleadings and reverses its December 22, 1993 decision on Worcester’s motion for judgment on the pleadings.
DISCUSSION
Surely, “[a] judge should hesitate to undo his own work.” King v. Globe Newspaper Co., 400 Mass. 705, 707 (1987), quoting Peterson v. Hopson, 306 Mass. 597 (1940). Nevertheless, until a final judgment or decree has entered in a case, a judge retains the discretion to “reconsider a case, an issue or a question of fact or law, once decided.” Peterson, supra, at 601.
Changes in decisional law are generally applied retroactively. Halley v. Birbiglia, 390 Mass. 540, 544 (1983); Tucker v. Badoian, 376 Mass. 907, 918-19 (1978) (Kaplan, J., concurring). Moreover, changes in decisional law in the area of torts are usually applied retroactively, whereas changes in the areas of contracts and property are more often applied prospectively. Payton v. Abbott Labs, 386 Mass. 540, 565 (1982). “Tort law, especially that dealing with negligence, does not concern itself with business decisions in the same way as does property and contract law so it would be unreasonable to assert that potential tortfeasors often reflect upon possible tort liability before embarking upon a negligent course of conduct, or that they frequently are deterred from negligent conduct by the rules of tort law.” Id. at 565-66.
In deciding whether to apply decisional law retroactively, courts consider “the extent to which the decision creates a novel and unforeshadowed rule . .. the benefits of retroactive application furthering the purpose of the new rule, and . . . the hardship or inequity likely to follow from retroactive application.” Tamerlane Corp. v. Warwick Insurance Co., 412 Mass. 486, 490 (1992), quoting Schrottman v. Barnicle, 386 Mass. 627, 631-32 (1982).
In the case at bar, plaintiffs do not seek to have this court pronounce and apply a new rule of law. Rather, plaintiffs urge an application of existing decisional law as enunciated by the Appeals Court in Forbush v. City of Lynn, 35 Mass.App. 696 (1994). Worcester, on the other hand, insists that Forbush should not apply retroactively because it announced an un-foreshadowed, new rule of law. The city argues also that application of this new decisional law would impose hardship upon Worcester because, had it known that liability would attach for its wanton, willful or reckless conduct, it would, as a self-insurer, have set aside sufficient funds to cover such liability.
Worcester correctly asserts that Forbush announced a new rule. The novelty of Forbush is demonstrated by the recent Wilson opinion in which the Appeals Court declared that willful, wanton and reckless conduct constituted an intentional tort, and therefore, came within the purview of the Sec. 10(c) immunity provision. Wilson v. Commonwealth, 31 Mass.App.Ct. 757 (1992). Nonetheless, despite the novelty of Forbush, this court declares that an application of the Forbush rule to the matter at hand advances the considerations which prompted the Forbush decision and does not impose an unfair onus upon Worcester.[3] Because the instant case is still pending, and no final judgment has been entered, an application of the Forbush case is not, in actuality, a retroactive application and, as noted, does little, if any, prejudice to Worcester.
Forbush held that willful, wanton or reckless conduct “should not be equated with the intentional torts which Sec. 10(c) exempts from the coverage of the Massachusetts Torts Claims Act.” Forbush, supra at 699. Forbush plainly limits Sec. 10(c) immunity to intentional torts. Applying Forbush to the pending matter, the result is that Worcester may not claim immunity, under Section 10 (c) of G.L.c. 258, for its reckless, wanton or willful conduct. Therefore, this court’s order of December 22, 1993, which holds to the contrary, must be vacated.
ORDER
For the above-mentioned reasons, it is hereby ORDERED that this court’s order of December 22, 1993 be VACATED, and that defendant’s motion for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c) be DENIED.

 G.L.c. 21, Sec. 17C imposes liability, for wanton, willful or reckless conduct, upon an owner of land, including a municipality, that allows the public to use its land for recre *189 ational purposes. G.L.c. 21, Sec. 17C; See Anderson v. City of Springfield, 406 Mass. 632 (1990). Thus, Worcester should have been aware of its statutoiy liability for reckless, willful or wanton conduct even if it did not foresee the demise of Sec. 10(c) immunity via Forbush.